THE BUFFALO AND HAMBURGH TURNPIKE COMPANY, Respondent, *v.* THE CITY OF BUFFALO, Appellant.

A municipal corporation is liable for the tortious acts of its agent, where it appears that the agent was expressly authorized to do the acts, or that they were done in good faith, in pursuance of a general authority to act for the corporation on the subject to which they relate.

A municipal corporation can act in the first instance only by its common

council, board of trustees, or other governing body; the acts of this body are the acts of the corporation, and for them it is liable.

(Submitted June 11, 1874; decided June 19, 1874.)

THIS action was brought to recover damages for the alleged destruction of a toll-bridge belonging to plaintiff. (Reported below, 1 N. Y. S. C. [T. & C.], 537.)

Plaintiff, a corporation organized under chapter 11, Laws of 1830, having a turnpike road, erected, in 1844, a bridge over Buffalo creek, connecting their road with Ohio street in the city of Buffalo. This bridge was within the bounds of the city, and the creek was under the care and control of the defendant, as a public highway. For the purpose of improving this way, in 1865, it enlarged the channel of the creek at the north end of the bridge, so that vessels might pass through the enlarged portion. This enlargement cut off the bridge from connection with the street, and the city had built a swing bridge over this new part of the channel. This was built under and in pursuance of resolutions and proceedings of the common council. The plan and specifications therefor, presented by the city surveyor and adopted by the common council, embraced, as a part of the necessary work, the lowering of plaintiff's bridge, and the removal westwardly of its north end about eight feet, so as to bring it on a line with the swing bridge. The common council entered into a contract with Gallagher & Clark for constructing the swing bridge, and making the necessary alterations in plaintiff's bridge as above stated, the work to be done under the direction of the city surveyor. In moving the bridge, the work was done so carelessly that the bridge was thrown down and destroyed. In the year 1848, an act was passed (chap. 198, Laws of 1848) authorizing defendant's common council, on giving plaintiff fifteen months' notice, to order the construction of a draw in plaintiff's bridge, or of a toll float-bridge in place thereof, and in case plaintiff should refuse to comply, to remove the bridge, defendant losing all right to replace the same. In 1852 the common council gave plaintiff notice to construct such a draw. In 1855 a resolution was passed, in substance,

that proceedings be taken to widen the channel of the creek, and to construct a swing bridge over the enlarged part, provided plaintiff would pay one-fourth the expense and should enter into a contract to furnish a man to tend the swing bridge as long as it used its bridge as a toll bridge. Plaintiff complied with these conditions. In October, 1861, the common council passed a resolution directing the street commissioners to remove plaintiff's bridge, unless plaintiff remove it within ten days after service of a copy of the resolution. Thereupon plaintiff brought an action against the defendant here and the street commissioner to prevent the removal of the bridge. This was decided in favor of plaintiff, and defendant enjoined from acting under its ordinance, but without prejudice to its right to take new proceedings under the act of 1848. Thereupon, on the 15th December, 1862, defendant's common council passed a resolution requiring plaintiff to construct a draw in its bridge fifty feet wide, after fifteen months' notice, as provided by said act of 1848, a copy of which was served on plaintiff. On the 16th May, 1864, the common council passed a resolution in effect renewing and carrying into effect the enlargement project, which was the inauguration of the proceedings under which the work was done as above stated. At the close of the evidence defendant's counsel moved for a nonsuit upon the ground that defendant, by virtue of the act of 1848 and the proceedings thereunder (plaintiff having neglected to construct a draw), was authorized to remove the bridge and was therefore not liable for the damages sustained by plaintiff in consequence of such removal; also, that if the destruction of the bridge was a tortious act defendant could not be held liable because such act was not authorized by its charter, and the action of the common council in reference thereto void. The motion was denied and defendant excepted. The referee directed judgment for the value of the bridge at the time of its destruction, with interest. *Held*, no error; that defendant was not authorized to take possession of plaintiff's property, and the act was a trespass; that it was not justified by the act of 1848, as that authorized not a confiscation of the use of the bridge to defendant but its entire removal, which was not what

defendant was attempting to do; that it did not appear that the acts of defendant were a legitimate following up of proceedings under the statute, but the carrying out of a plan contemplating a saving and continuance of the use of the bridge, and as the authority was to interfere with private rights in property it must be strictly adhered to; that the work was authorized by defendant (as the common council were for the purposes of this action the defendant), but that it was immaterial whether the acts of the common council were to be regarded as those of defendant or as those of its agents it was liable, the tortious acts being in the course of the agency (*Lee* v. *Village of Sandy Hill*, 40 N. Y., 442); and that it was no defence that the contractor's negligence contributed to the injury, as it was as well the neglect of the city surveyor, defendant's officer and immediate agent; also *held*, that interest was correctly allowed. (Sedg. on Dam., 441, § 385.)

*David F. Fay* for the appellant.

*Sherman S. Rogers* and *John Ganson* for the respondent.

FOLGER, J., reads for affirmance.
All concur, except ANDREWS, J., not voting.
Judgment affirmed.